UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS McMICHAEL, III,
#578763,

       Plaintiff,                       Civil Action No. 19-cv-13098
                                            HON. BERNARD A. FRIEDMAN
vs.                                              MAG. ANTHONY P. PATTI

ADAM DIROFF, *et al.*

       Defendants.
_____/

**<u>OPINION AND ORDER SUSTAINING DEFENDANTS' OBJECTIONS,
OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING IN PART AND
REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT</u>**

I.    <u>Introduction</u>

        Plaintiff Thomas McMichael, III is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action against Michigan State Troopers Adam Diroff and Daniel Saldana.[1] (ECF No. 1). The complaint alleges that defendants violated the Fourth, Eighth, and Fourteenth Amendments, as well as committed assault and battery, when they used excessive

---

[1] McMichael asserts the same causes of action against Border Patrol Agent Matthew McFadden. (ECF No. 1, PageID. 12-15, ¶¶ 15, 19, 23, 25, 30). The docket currently reflects that the United States Marshal Service served McFadden with copies of the summons and complaint on April 20, 2022. (ECF No. 29).

force to apprehend and subdue McMichael during a traffic stop.[2] (*Id.*, PageID.6, 12-15).

Before the Court is Magistrate Judge Anthony P. Patti's report and recommendation dated December 28, 2021. (ECF No. 23). The report recommended that the Court grant in part and deny in part defendants' motion for summary judgment. (ECF No. 17). McMichael and defendants timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF Nos. 24-25). Defendants responded to McMichael's objections. (ECF No. 26). McMichael did not respond.

For the following reasons, the Court will (1) sustain defendants' objections, (2) overrule McMichael's objections, (3) adopt in part and reject in part the magistrate judge's report and recommendation, and (4) grant defendants' motion for summary judgment in its entirety.

II.    Background

Since McMichael does not object to magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will

---

[2] McMichael waived the Eighth Amendment claims against defendants. (ECF No. 21, PageID.163). The Court accepts and adopts the magistrate judge's recommendation to dismiss those claims with prejudice (Counts V-VII). (ECF No. 23, PageID.191).

adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 23, PageID.181-84).

III. <u>Legal Standard</u>

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV. <u>Analysis</u>

    A. *McMichael's Objections*

McMichael raises three objections to the report and recommendation. None of them are persuasive.

    1. The Magistrate Judge's Purported Bias

McMichael first contends that the magistrate judge's opinion contains inappropriate language demonstrating his clear bias towards pro se litigants. (ECF No. 25, PageID.241-42). The Court disagrees. McMichael does not highlight any language in the report and recommendation that is objectionable. And the Court discerns not a single instance where the magistrate judge's tenor is either inappropriate, condescending, or antagonistic towards either McMichael specifically or pro se litigants more generally. The objection is simply unfounded.

    2. Diroff's In-Vehicle Use of Force (Count I)

Next, McMichael argues that the magistrate judge improperly viewed his in-vehicle altercation with Diroff in a light most favorable to the trooper's perspective. (*Id.*, PageID.242). *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) ("At summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.") (cleaned up).  Assuming McMichael's version of events is the correct one – that Diroff punched him 12 to 15 times in the face and elbowed him numerous times while attempting to immobilize McMichael's car – he still cannot overcome the presumption of qualified immunity. (ECF No. 1, PageID.9, ¶ 3).

Diroff is entitled to qualified immunity unless "it would be clear to a reasonable officer" that his use of excessive force "was unlawful in the situation he confronted." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004).  Because McMichael provides no controlling precedent or "robust consensus" of persuasive authority demonstrating that Diroff violated a clearly established right under the circumstances, he fails to meet this burden. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018); *Siefert v. Hamilton Cty.*, 951 F.3d 753, 764 (6th Cir. 2020).

      3.     The Equal Protection Claim Against Saldana (Count XI)

McMichael also challenges the magistrate judge's recommendation that the Court award summary judgment to Saldana on the equal protection claim. (ECF No.

25, PageID.243). Since Saldana merely commented on McMichael's parol status and claimed to have predicted that Diroff would pull over McMichael – without elaborating upon the grounds for his belief or referring to McMichael's race – no reasonable jury could infer that Saldana used excessive force against McMichael because he is African-American. (ECF No. 21, PageID.157-58).

  B. *Defendants' Objections*

    1. Defendants' Use of Force on the Safety Median (Counts II & III)

Defendants take initial aim at the magistrate judge's conclusion that genuine factual questions surround whether they used excessive force to arrest McMichael outside his vehicle. (ECF No. 24, PageID.221-25).

The video footage from Saldana's cruiser depicts the following materially undisputed facts: (1) that McMichael sped away from Diroff after the trooper asked him to step outside his car (ECF No. 17-2, Ex. B, 13:23-37); (2) that Diroff jumped into the front passenger seat of the vehicle as McMichael attempted to flee (*Id.*, 13:37-39); (3) that McMichael's car traversed two lanes of high speed traffic on Interstate 275 South – nearly causing a broadside collision with a tractor-trailer (*Id.*, 13:39-43); (4) that McMichael's vehicle came to a stop in the middle of the safety median (ECF No. 17-4, Ex. D, 4:47-57); (5) that Diroff and McMichael eventually exited the car's front driver side door (*Id.*, 4:57-5:09); (6) that Diroff straddled McMichael's back while on the ground, attempting to pull McMichael's left arm

behind his back (*Id.*, 5:09-10); (7) that McMichael struggled with Diroff and attempted to get on his knees (*Id.*, 5:10-16); (8) that Diroff began punching McMichael in the head (*Id.*, 5:10-17); and (9) that Saldana exited his cruiser, ran towards McMichael, tackled him, and thrust his knee into McMichael's back. (*Id.*, 5:13-26).

Construing the video in a light most favorable to McMichael, defendants applied the requisite amount of force necessary to subdue and arrest him under the totality of the circumstances. *See Rudlaff v. Gillispie*, 791 F.3d 638, 642 (6th Cir. 2015) (holding that "the police can use a taser (or a knee strike) to subdue" someone resisting arrest). Neither defendant ran afoul of the Fourth Amendment.

Even if defendants had used excessive force, though, McMichael does not point to controlling precedent or a "robust consensus" of persuasive authority demonstrating that defendants violated a clearly established right given the undisputed facts. *Wesby*, 138 S. Ct. at 589-90; *Siefert*, 951 F.3d at 764.

None of the cases the magistrate judge cited are sufficiently analogous "to put a reasonable officer on notice that the conduct at issue was unconstitutional." *Hernandez v. Boles*, 949 F.3d 251, 261 (6th Cir. 2020) (cleaned up). Whereas defendants struck McMichael with their hands and knees to restrain him, the precedents in the report and recommendation uniformly address whether the officers applied excessive force *once they had already* immobilized the arrestee. *See Shreve*

*v. Jessamine County Fiscal Court*, 453 F.3d 681, 687 (6th Cir. 2006) (denying qualified immunity where the plaintiff "had already been incapacitated by pepper spray."); *Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) (denying qualified immunity where the officer "continu[ed] to beat Phelps after he had been neutralized"); *Tapp v. Banks*, 1 F. App'x 344 (6th Cir. 2001) (denying qualified immunity where the officer struck the arrestee's legs "twelve to fifteen times in the absence of resistance.").[3] Since the video shows that McMichael struggled with defendants as they attempted to arrest him, the troopers are entitled to qualified immunity against the excessive force claims.

2. The Equal Protection Claims Against Diroff (Counts IX & X)

As for the equal protection claims against Diroff, the trooper's body microphone "blatantly contradicts" McMichael's assertion that Diroff called him a "black motherfucker" during their scuffle inside the vehicle and on the safety median. (ECF No. 1, PageID.9, ¶¶ 3-5). *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

---

[3] Defendants maintain that the Sixth Circuit Court of Appeals' unpublished decisions are not binding for purposes of ascertaining clearly established rights. (ECF No. 24, PageID.227). The Sixth Circuit expressly rejected this view in *Young v. Kent Cty. Sheriff's Dep't*, No. 21-1222, 2022 U.S. App. LEXIS 740, at *14 (6th Cir. Jan. 10, 2022) ("we agree with the district court that 'binding authority' is not required to overcome qualified immunity.").

7

The microphone audio – which was functioning throughout the entire altercation – is clear enough to determine that Diroff at no point utters a racial slur. Not to mention, McMichael fails to identify the specific time-stamped portions of the audio/visual recordings where Diroff allegedly said those words. Because the Court is left without more than a "metaphysical doubt" about the material facts, there is insufficient evidence from which a reasonable jury could conclude that Diroff's use of force was racially motivated. *Jordan v. Howard*, 987 F.3d 537, 546 (6th Cir. 2021).

   3.  The Failure to Intervene Claim Against Saldana (Count XIII)

Defendants further contend that the magistrate judge should have recommended awarding summary judgment to Saldana on the failure to intervene claim. (ECF No. 24, PageID.233-35). To prevail on a failure to intervene theory, a plaintiff must establish an "underlying constitutional violation." *Greene v. Crawford Cty.*, 22 F.4th 593, 615 (6th Cir. 2022). Because the Court has already concluded that Diroff applied the requisite amount of force necessary to subdue and arrest McMichael under the totality of the circumstances, the failure to intervene claim against Saldana cannot withstand summary judgment.

   4.  State Law Claims for Assault and Battery (Counts XVI & XVII)

Lastly, Michigan's governmental immunity doctrine bars the state law assault and battery claims stemming from the struggle on the safety median. Since

defendants' conduct was objectively reasonable under the totality of the circumstances, "no reasonable jury would find that [they] acted in bad faith, much less that malice was a factor." *Estate of Hill v. Miracle*, 853 F.3d 306, 317 (6th Cir. 2017) (citing *Odom v. Wayne County*, 482 Mich. 459 (2008)).  Accordingly,

IT IS ORDERED that defendants' objections to the magistrate judge's report and recommendation (ECF No. 24) are sustained.

IT IS FURTHER ORDERED that McMichael's objections to the magistrate judge's report and recommendation (ECF No. 25) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (ECF No. 23) is accepted and adopted as to Counts I, V-VII, IX, XI, and XV, and rejected as to Counts II-III, X, XIII, XVI-XVII.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 17) is granted in its entirety.

IT IS FURTHER ORDERED that Counts I-III, V-VII, IX-XI, XIII, and XV-XVII are dismissed with prejudice.  The claims against Border Agent McFadden

(Counts IV, VIII, XII, XIV, and XVIII) are the only causes of action now pending in this matter.

Dated: May 26, 2022  
     Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 26, 2022.

**Thomas McMichael, III,** #578763  
CENTRAL MICHIGAN CORRECTIONAL FACILITY  
320 N. HUBBARD  
ST. LOUIS, MI 48880

s/Johnetta M. Curry-Williams  
Case Manager