UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS McMICHAEL, III,
#578763,

       Plaintiff,

vs.

ADAM DIROFF, *et al.*

       Defendants.
_____/

Civil Action No. 19-cv-13098
HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANT MATTHEW McFADDEN'S MOTION FOR SUMMARY JUDGMENT

I.    Introduction

Plaintiff Thomas McMichael, III is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action against Border Patrol Agent Matthew McFadden, along with Michigan State Troopers Adam Diroff and Daniel Saldana. Diroff and Saldana are no longer parties to this case.[1] (ECF No. 1). The complaint alleges that McFadden violated the Fourth, Eighth, and Fourteenth Amendments, as well as committed assault and battery, when

---

[1] The Court dismissed the claims asserted against Diroff and Saldana in its May 26, 2022 opinion and order awarding them summary judgment. (ECF No. 30).

he tased McMichael to immobilize him during a scuffle with Diroff and Saldana.[2] (*Id.*, PageID.6, 12-15, ¶¶ 15, 19, 23, 25, 30).

Before the Court is McFadden's motion for summary judgment. (ECF No. 32). McMichael did not respond. The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court shall grant the motion.

II. Background

Since McMichael never objected to the factual summary in the magistrate judge's December 28, 2021 report and recommendation, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear there. (ECF No. 23, PageID.181-84).

III. Legal Standards

A moving party is entitled to summary judgment where the "materials in the record" do not establish the presence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c). All the evidence, along with all reasonable inferences, must

---

[2] McMichael waived the Eighth Amendment claims asserted against Diroff and Saldana because he was not incarcerated when their altercation occurred. (ECF No. 21, PageID.163). This same reason justifies dismissing the Eighth Amendment claim against McFadden (Count VIII). *See, e.g., Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002) (stating that the Eighth Amendment protects only convicted prisoners).

be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), pro se prisoners are subject to the same summary judgment standards as all other litigants. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010).

IV. Analysis

    A. *Fourth Amendment Excessive Use of Force (Count IV)*

McMichael contends that McFadden used excessive force when the patrol agent tased him in the shoulder after Diroff and Saldana had already subdued him. (ECF No. 1, PageID.12, ¶ 15).

"To determine whether officers' use of force in effecting an arrest is excessive and thus in violation of the Fourth Amendment, a court must determine whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Brown v. Chapman*, 814 F.3d 447, 458 (6th Cir. 2016) (quotation omitted). The inquiry assesses "reasonableness at the moment" the force was used, "as judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Goodwin v. City of Painesville*, 781 F.3d 314, 321 (6th Cir. 2015) (quotation omitted). Reasonableness entails balancing "the nature and quality of the

3

intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation omitted).

Fourth Amendment reasonableness is a fact-specific inquiry that considers three non-exhaustive factors: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The focus should be not on "the extent of the injury inflicted but whether an officer subjects a detainee to gratuitous violence." *Miller v. Sanilac Cty.*, 606 F.3d 240, 252 (6th Cir. 2010) (cleaned up).

Dashcam footage of the incident depicts McMichael struggling with Diroff and Saldana on the ground in the middle of a highway traffic median. He resisted placing his arms behind his back so that neither Diroff nor Saldana could handcuff him. McFadden then tased McMichael one time in the shoulder to end the scuffle and allow Diroff and Saldana to effectively restrain him. (ECF No. 17-4, Ex. D, 5:24-31). These circumstances justify McFadden's decision to subdue McMichael with his taser. *See, e.g., Rudlaff v. Gillispie*, 791 F.3d 638, 642 (6th Cir. 2015) (holding that "the police can use a taser (or a knee strike) to subdue" someone resisting arrest); *Hagans v. Franklin County Sheriff's Office*, 695 F.3d 505, 509 (6th Cir. 2012) (same).

4

McFadden is entitled to qualified immunity, at any rate, unless "it would be clear to a reasonable officer" that his use of the taser "was unlawful in the situation he confronted." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004). Because McMichael provides no controlling precedent or "robust consensus" of persuasive authority demonstrating that McFadden violated a clearly established right under the circumstances, he fails to meet this burden. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018); *Siefert v. Hamilton Cty.*, 951 F.3d 753, 764 (6th Cir. 2020).

B.   *Failure to Intervene (Count XIV)*

McMichael next alleges that McFadden failed to intervene when Diroff and Saldana employed excessive force to arrest him. (ECF No. 1, PageID.14, ¶ 25).

Law enforcement officers may be held liable for failing to intervene during the application of excessive force when (1) the officer observes or has reason to know that excessive force will be or is being used, and (2) the officer has both the opportunity and the means to prevent the harm from occurring. *Goodwin*, 781 F.3d at 328. Since the Court already determined that no reasonable juror could find that Diroff and Saldana used excessive force, McFadden cannot be held liable for failing to intervene. *See Bonner-Turner v. City of Ecorse*, 627 F. App'x 400, 413 (6th Cir. 2015).

5

C. *Equal Protection (Count XII)*

McMichael further maintains that McFadden tased him because he is African-American. (ECF No. 1, PageID.14, ¶ 23). But the Court already decided that McFadden used the appropriate level of force necessary to restrain McMichael under the circumstances, and since McMichael highlights nothing in the record indicating that McFadden's use of force was racially motivated, no reasonable jury could infer that McFadden tased McMichael on account of his race. *See El v. Ordiway*, No. 97-2140, 1999 U.S. App. LEXIS 26652, at *5-6 (6th Cir. Oct. 20, 1999) (affirming award of summary judgment to corrections officers on racially motivated excessive force claim where "the force used was necessary under the circumstances" and the plaintiff failed to "put forth any evidence of racial motivation in defendants' actions").

D. *State Law Claims for Assault and Battery (Count XVIII)*

Lastly, Michigan's governmental immunity doctrine bars the state law assault and battery claims.[3] Since McFadden's conduct was objectively reasonable under

---

[3] The Court must resort to Michigan's Governmental Tort Liability Act ("GTLA") to decide the state tort law claims. The government provides no evidence that the attorney general, or his designee, ever certified whether McFadden "was acting within the scope of his office or employment" when he assisted Diroff and Saldana with apprehending McMichael. 28 U.S.C. § 2679(d)(1); *see also* 28 C.F.R. § 15.4. That certification would have permitted the United States to substitute itself in place of McFadden as the party defendant. 28 U.S.C. § 2679(d)(1). And the substitution would have "converted" the state tort law claims against McFadden "into [Federal

6

the totality of the circumstances, "no reasonable jury would find that he acted in bad faith, much less that malice was a factor."[4] *Estate of Hill v. Miracle*, 853 F.3d 306, 317 (6th Cir. 2017) (citing *Odom v. Wayne County*, 482 Mich. 459 (2008)). Accordingly,

IT IS ORDERED that McFadden's motion for summary judgment (ECF No. 32) is granted.

|  |  |
|---|---|
| Dated: November 14, 2022<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 14, 2022.

| | |
|---|---|
| **Thomas McMichael , III**  #578763<br>CENTRAL MICHIGAN CORRECTIONAL FAC<br>320 HUBBARD<br>ST. LOUIS, MI 48880 | s/Johnetta M. Curry-Williams<br>Case Manager |

---

Tort Claims Act] claims against the United States." *Webb v. United States*, 789 F.3d 647, 657 (6th Cir. 2015); *see also Osborn v. Haley*, 549 U.S. 225, 230 (2007).

[4] McFadden is entitled to the GTLA's immunities even though he is a federal law enforcement officer. Mich. Comp. Laws § 764.15d(1), (2) ("a federal law enforcement officer who meets the requirements of subsection (1) has the privileges and immunities of a peace officer of this state.").